## SHOWELL v. UPTON et al.

No. 4134.   Decided September 12, 1924.   Rehearing Denied December 8, 1924.   (230 Pac. 1023.)

1. EXCHANGE OF PROPERTY—EVIDENCE HELD TO WARRANT FINDING DEFENDANTS DID NOT MISREPRESENT VALUE OR STATE OF TITLE AND THAT PLAINTIFF DID NOT RELY THEREON. In action to rescind contract exchanging realty, evidence *held* to warrant finding for defendants as to alleged misrepresentation of absolute or income value of property or state of their title, and as to plaintiff's reliance on such misrepresentations.

2. APPEAL AND ERROR—EXCLUSION OF EVIDENCE AS TO VALUE OF PLAINTIFF'S PROPERTY, IF ERROR, NOT PREJUDICIAL, WHERE NO FALSE REPRESENTATIONS FOUND. In action to rescind exchange of realty for defendants' misrepresentations as to value of property, exclusion of evidence as to value of plaintiff's property to prove constructive fraud by showing disparity in valuation, if error, was not prejudicial, where court found on sufficient evidence that no false representations were made and under Comp. Laws 1917, § 6622, did not warrant reversal.

Appeal from District Court, Second District, Weber County; *George S. Barker,* Judge.

Action by George W. Showell against Thomas H. Upton and others. Judgment for defendants, and plaintiff appeals.

AFFIRMED.

*Pratt & Pratt,* of Ogden, for appellant.

*S. P. Dobbs* and *A. W. Agee,* both of Ogden, for respondents.

WEBER, C. J.

The plaintiff seeks by this action to have rescinded a contract made with the defendant Thomas H. Upton for the ex-

See 4 C. J., p. 1008; 23 C. J., p. 240.

change of certain real property; also to have vacated and
canceled a conveyance made by plaintiff to Thomas H. Upton
under the terms of said exchange agreement; also to have
canceled a conveyance made by Thomas H. Upton and wife
to defendants Henry H. Upton and wife of the same prem-
ises conveyed by plaintiff to Thomas H. Upton.

The grounds alleged in the complaint upon which plain-
tiff claims the right to have these conveyances set·aside and
canceled are:    (a) An alleged conspiracy by the trusted
agent of plaintiff, one A. J. Dobson, with the defendant
Thomas H. Upton, to procure an exchange of property to the
greater advantage of the said defendant Thomas H. Upton,
and thereby cheat and defraud the plaintiff; (b) false rep-
resentations made by the defendant Thomas H. Upton as to
the amount of the indebtedness existing against the ·prop-
erty which plaintiff received or was to receive in exchange
for conveyance of the real property owned by plaintiff;
(c) that the value of the property which plaintiff received
in exchange for the conveyance made by him and his wife
was represented to be greatly in excess of its actual value;
(d) that the income or rental received from the premises
which plaintiff took in exchange was represented to be $1,200
per month, while in fact the income was much less and did
not exceed $700 per month; (e) that plaintiff relied upon
such representations and was misled thereby to his damage.
Reliance is also had upon the claim that under the contract
of exchange defendant Thomas H. Upton undertook to con-
vey the title to the property given by him in exchange for
plaintiff's property, but had, in legal effect, only made an
assignment of an escrow agreement for the right to purchase
the property held by the defendant Thomas H. Upton.

The pleadings are very lengthy. It is neither advisable
nor desirable to attempt to state at length the allegations of
the complaint, the answer, the counterclaim, nor the reply
thereto.    What has been said as to the allegations of the
complaint sufficiently indicates the issues of fact presented
by· the pleadings.    The court found all of the issues of fact
against the plaintiff and entered judgment dismissing the
complaint.    From that judgment this appeal is prosecuted.

It appears that in May, 1921, one Thomas E. Morgan was the owner of the Stillwell Apartments, located in Ogden City, and also the furniture and fixtures in those apartments. On or about that date Morgan entered into an agreement with the defendant Thomas H. Upton to sell and convey to him the said apartment, with the furniture and fixtures, subject to a certain mortgage against the property in favor of O. J. Stillwell, the former owner. At that time Morgan executed a deed and placed the same in escrow with the First National Bank of Ogden, conveying the property to Thomas H. Upton. This deed was to be delivered upon the final payment of the contract price. Under the escrow agreement Upton undertook to pay the mortgage to Stillwell, approximately $17,250, in monthly installments of $150 each, and to pay the further sum of $20,000 to Morgan, in monthly installments, as the balance of the purchase price due Morgan for his interest in the apartments, furniture, and fixtures. Under this escrow agreement the parties stipulated that upon failure to make the payments as they became due, and for a period of six months, Morgan might at his option withdraw the deed from the bank, retain the sums of money paid, as liquidated damages, and the bank was authorized to surrender the deed under that state of facts to Morgan. That was the condition of Upton's title which he agreed to convey and turn over to plaintiff.

The exchange agreement made between plaintiff and the defendant Thomas H. Upton is dated December 10, 1922, but it appears from the testimony that it was executed possibly not on the 10th, but on the 13th, day of that month. There is a conflict in the evidence respecting the representations made by the defendant Thomas H. Upton as to whether he was in default in the payments due Morgan at the time of making the exchange agreement which it is sought to have set aside and canceled. The property conveyed to Thomas H. Upton by plaintiff was a ranch located in Box Elder county. That ranch was under mortgage in the sum of $15,000 at the time of the exchange, and there were certain amounts of interest due on the mortgage when the exchange was

made. The court found that at the time of the exchange each party was fully advised as to the condition of the titles held by plaintiff and by the defendant Thomas H. Upton in the respective properties, and also as to the indebtedness existing against such properties.

The assignments of errors assail the court's rulings on the admission and rejection of certain testimony. The assignments also assail the findings of the court as being contrary to the weight of the evidence. They further raise the contention that the court erred in construing the agreement of exchange and in determining the rights of the respective parties thereunder. We will first consider the assignment that the court's findings are contrary to the weight of the evidence.

All of the parties to the negotiations leading up to the execution of the exchange contract and the subsequent agreements thereafter made were witnesses at the trial. These parties were all of age. Thomas H. Upton had opportunity to and did examine the ranch conveyed to him by plaintiff. The ranch was also examined by defendant Henry G. Upton and a Mr. Miller, also by an uncle of Thomas H. Upton. These parties were all interested in the property received under the agreement of exchange. The plaintiff, his wife, and his son saw the apartment house, knew its location in the city of Ogden, its relative distance from the business center of the city, and had an opportunity of examining the buildings surrounding the apartment house. The plaintiff also, with his wife, examined at least a few of the apartments, and, as testified to by defendant Thomas H. Upton, had opportunity to examine all the apartments if they so desired. If any representations were made as to the value of the property plaintiff had an opportunity not only to pass upon its value for himself, but could have made any investigation he desired as to its value. No legal or sufficient reason is made to appear why plaintiff did not make such investigation. It does however, appear that his agent, Dobson, discussed with the former owner, O. J. Stillwell, the income of the apartment house, and discussed with other businessmen of Ogden

the probable value and income of the apartment. It appears from Mr. Dobson's testimony that these conversations were reported by him to the plaintiff. Respecting the income the court found that the plaintiff did not rely, in making the exchange upon any representations made to him, but relied upon investigation of the books of Thomas H. Upton and inspection of the apartment house. The court also found that plaintiff had knowledge of the terms of the escrow agreement existing between Thomas H. Upton and Thomas E. Morgan, the former owner. Such knowledge was gained by an inspection of the agreement by plaintiff and his wife, which was then in escrow in the First National Bank of Ogden. The testimony supports these findings.

It is apparent, in our judgment, that plaintiff was doubtful whether he could continue to operate his ranch and pay off the indebtedness then existing against it, that he was extremely desirous of either selling his ranch or making some disposition of it that would relieve him of the indebtedness against it; that he was convinced he had a better chance of paying the indebtedness existing against the apartment house than that existing against the ranch. It is likewise apparent that Thomas H. Upton was extremely anxious to receive sufficient for his interest in the apartment house to liquidate certain indebtedness which he owed to his brother, his father, and his uncle. It seems to be a case where both parties to the transaction were not satisfied to attempt to carry the respective burdens against the property held by them, and both were anxious to change their condition and take other burdens with the hope that they might in that way succeed in salvaging something from the respective properties.

The right of plaintiff to recover, as elsewhere stated, depends wholly upon whether the evidence supports the allegations of the complaint that false representations were made by Thomas H. Upton, and whether the plaintiff relied upon such representations and was misled, and whether he had a right to rely upon such representations. The court found, as indicated, that the plaintiff did not sustain the allegations of the complaint by a preponderance of the proof. The rec-

ord in this case consists of many exhibits and oral testimony
which, when transcribed, covered over 800 typewritten pages.
The contract of exchange between the parties was made in
December, 1921; the trial of the case began April 13, 1923.
It is not, therefore, at all strange that the different witnesses
testified to different versions of what was said between the
parties at the time of the execution of the contract, or as to
when the various conversations and negotiations took
place.  Neither is it strange that some of the testimony
for both plaintiff and defendant is inconsistent with
other testimony given by the respective parties.  It is easy to
select certain parts of the testimony, and, considering that
alone without its relationship to other testimony, find strong
support for plaintiff's contention; but an appellate court
should not, in our judgment, in view of this record, disturb
the trial court's findings on the disputed issues of fact.  The
trial court saw the witnesses, heard their statements as made
in open court, and was advised of the knowledge each witness
had as to the facts testified to by such witness.  That court·
was therefore much better able to judge as to the truth or
falsity of the testimony than is an appellate court· from a
mere reading of the record.

The issues of fact are relatively narrow, in that they relate
to statements made during the negotiations, and these nego-
tiations cover only a few days.  The trial court was therefore
enabled to reconcile conflicting statements of the various wit-·
nesses and with a reasonable degree of accuracy determine
just what was said and done and what the understanding of
the different parties was growing out of the negotiations and
conversations attendant upon the same.  It would serve no
good purpose to attempt a further review of the testimony.
The writer, after examining the testimony taken before the
trial court, and giving attention to the elaborate arguments
submitted by counsel for both parties, is in doubt as to
whether the testimony predominates in favor of plaintiff's
contention or that of the defendant.  The number of wit-
nesses testifying for both sides was relatively the same.  The
number of disinterested witnesses testifying largely pre-

ponderates in favor of the defendant. Such being the impression made by a reading of the record is only another cogent reason why the findings of the trial court should not be disturbed.

Appellant assigns as error the ruling of the court in the exclusion of testimony as to the value of the ranch property, and the income or rental value of that property. That evidence, if within the issues made by the pleadings, was competent as tending to show constructive fraud. That is, as tending to show such a disparity between the value of the ranch property and the value of the apartment house as would constitute an element of constructive fraud. There is no allegation in the complaint invoking the difference in the value of the properties as a ground for rescission. However, assuming, without so deciding, that the testimony was competent under the allegations of the complaint and that it was error to exclude such testimony, it still remains to be determined whether the ruling of the court in sustaining the objection to this proffered testimony constitutes reversible error. Unless the exclusion of such testimony can be said to prejudicially affect the substantial rights of appellant, this court, under Comp. Laws Utah 1917, § 6622, is precluded from reversing the judgment. The basis of plaintiff's cause of action is false representations made by the defendant respecting the value of the apartment, the income, and the indebtedness existing against it. What those representations are alleged to have been are enumerated in the first part of this opinion. The court found that plaintiff had not overcome defendant's denial that such representations were made. If those findings are supported by the testimony, and we think they are, then the plaintiff must fail under all the facts of this case, even though the testimony which plaintiff offered respecting the value of the ranch had been admitted. These parties were dealing at arm's length. Each had knowledge or the means of obtaining knowledge of all the facts respecting the value of the property and the income derived therefrom, or what the income might be. Plaintiff seemed to be vitally interested in knowing the income of the

apartment house, and the court found that he was advised of that income. He was necessarily familiar with the income from the ranch. If the indebtedness against the apartment and the income therefrom was not misrepresented, and he did not rely upon such misrepresentation, then the value of the ranch property or the income therefrom was not controlling and could not affect the result. The rejection of that testimony cannot be said to constitute reversible error.

The rulings of the court in the admission or exclusion of other testimony were in no way prejudicial to plaintiff. There is ample competent evidence in the record, regardless of the testimony objected to, to support the court's findings. The finding of the court that plaintiff's agent, A. J. Dobson, did not betray his trust, and that he did not exercise his influence as such agent in the interest of the defendant Thomas H. Upton, is supported by the testimony found in the record. It appears from Dobson's testimony that he fully represented to the plaintiff all the facts within his knowledge respecting the condition of the property which plaintiff was to receive. The only inference or deduction that the agent did not faithfully represent plaintiff's interest is the fact that a deal was consummated which apparently afterwards developed not to be in plaintiff's interest.

The foregoing conclusions render it unnecessary to determine whether the retention of the apartment house by the plaintiff, receiving rents therefrom, and the difficulty in taking an accounting between the parties, should defeat plaintiff's right to recover. We are of the opinion, and so hold, that no showing is made by appellant which justifies this court in disturbing the findings of the trial court and its judgment based upon such findings.

Judgment is therefore affirmed, with costs.

GIDEON, THURMAN, FRICK and CHERRY, JJ., concur.